IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PHYLLIS McVEIGH, #234 656, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:21-CV-87-RAH-JTA |
| ) | [WO] |
| ALABAMA DEPARTMENT OF ) | |
| PARDONS AND PAROLE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Before the court is Plaintiff Phyllis McVeigh's request for class certification of this action. Plaintiff McVeigh seeks to stand as the class representative for those inmates whose names appear in the Complaint and all African American female inmates housed in custody of the Alabama Department of Corrections who have been denied parole in the last three years and received lengthy parole set offs due to gender and racial discrimination during the parole consideration process. Doc. 1 at 1–7. The court considers the request as a motion to certify a class under Rule 23, *Federal Rules of Civil Procedure*.   Upon consideration of the motion to certify case as a class action, the court concludes this motion is due to be denied.

**II.   DISCUSSION**

McVeigh is a *pro se* inmate unschooled in the law who seeks to represent the interests of all African American female inmates currently in custody of the Alabama

Department of Corrections regarding alleged discrimination in the parole consideration process within the past three years. Among the requirements which litigants must meet in order to maintain an action as a class action is that the "representative parties will fairly and adequately protect the interests of the class."  Rule 23(a)(4), *Federal Rules of Civil Procedure*.  While a *pro se* inmate may "plead and conduct" her own claims in federal court, 28 U.S.C. ' 1654, she has no concomitant right to litigate the claims of other individuals.  Under the circumstances of this case, the court finds McVeigh cannot adequately protect the interests of the purported class and her motion for class certification is therefore due to be denied.  *See Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014) (holding that "the district court did not abuse its discretion when it denied [the *pro se* inmate plaintiff's] motion for class certification. . . .  As a *pro se* litigant, [the plaintiff] cannot bring an action on behalf of his fellow . . . inmates.  *See Timson* [*v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008)] (explaining that 28 U.S.C. ' 1654, the provision permitting parties to proceed *pro se*, provides 'a personal right that does not extend to the representation of the interests of others'); *Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (concluding that a *pro se* inmate could not bring a petition for equitable relief on behalf of his fellow inmates)."); *Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015) (holding "it is *generally* not an abuse of discretion for a district court to deny a motion for class certification on the ground that a *pro se* litigant is not an adequate class representative.") (emphasis in original); *DeBrew v. Atwood*, 792 F.3d 118, 131–32 (D.C.

Cir. 2015) (holding that "[t]he district court did not abuse its discretion in concluding [*pro se* plaintiff] could not [fairly and adequately protect the interests of the class] because a *pro se* litigant who is not trained as a lawyer is simply not an adequate class representative."); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (holding a *pro se* plaintiff is not an adequate class representative "because the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" (internal quotation marks omitted) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *Morris v. Baldwin*, 2018 WL 4403307, at *2 (S.D. Ill. May 31, 2018), *Report and Recommendation adopted*, 2018 WL 3016498 (S.D. Ill. June 14, 2018) (finding "it would be inappropriate to certify the class while Plaintiff proceeds *pro-se*.").

Furthermore, it is clear that the prosecution of separate civil actions will not create a risk of inconsistent or varying adjudications with respect to any general claims for relief. Rule 23(b)(1)(A), *Federal Rules of Civil Procedure*. Finally, the court finds that the questions of fact common to the proposed class members do not predominate over the questions of fact relevant to the claims of projected individual inmates, especially those with regards to the prison records and criminal convictions of each inmate. Rule 23(b)(3), *Federal Rules of Civil Procedure*; *see also Inmates, Washington County Jail v. England*, 516 F. Supp. 132 at 144 (E.D. Tenn. 1980), *affirmed*, 659 F.2d 1081 (6th Cir. 1981) (denying *pro se* plaintiffs' request to certify case as a class action because "any declaratory relief granted . . . would likely inure to the benefit of other similarly-situated individuals"

even absent granting the request for class certification).

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's motion for class certification (Doc. 1) be DENIED.

2. This case be referred to the undersigned for further proceedings.

**On or before February 23, 2021**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions contained in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 8th day of February, 2021.

                    /s/ Jerusha T. Adams
                    JERUSHA T. ADAMS
                    UNITED STATES MAGISTRATE JUDGE